Merrell, J.
The question to be determined is whether a mortgage for future advances which the mortgagee obligates himself to make is en *36 titled to priority in distribution to a later mortgage, recorded after the former one, but prior to the making of the future advances or part thereof.
It is the contention of plaintiff in error that his mortgage, though later in time of execution and record than the mortgage on the same property to defendant in error, is postponed to the latter, only to the extent of advances actually made at the time his, plaintiff in error’s, mortgage was placed on record. Such record it is argued is notice with respect to which subsequent advances under the earlier mortgage must be taken to have been made, and t© which they are to be postponed.
This position is based upon the case of Spader et al. v. Lawler, 17 Ohio, 371, which presented a state of facts differing from the present case chiefly in that the mortgage was given to secure “any other sum, or sums of money, which the said Bonsall may be owing, or indebted in, to the said Lawler.”
It wqs held that notes given by Bonsall to Lawler, and secured by the mortgage referred to, issued after the recording of Bonsall’s later mortgage to Spader, would be postponed to the lien of the Spader mortgage.
In deciding the case the court made it quite clear that it proceeded upon the theory of giving full effect to the recording' statutes.
Read, J., speaking for the court, asks, at page 379: “Of what does a mortgage with a clause for future advances advise a subsequent mortgagee?” And later, page 380, as if in answer to the query, states: “Such clause [for future ad *37 vanees] can only be tolerated in any sense upon the ground that it advises subsequent mortgagees or purchasers that future advances were contemplated, and enables him by inquiry to ascertain the extent of the incumbrance.”
The mortgage here in question fulfils the conditions thus expressed, and apparently at least takes the case out of the authority of Spader v. Lawler.
Certain it is, the actual, decision in the above case was made with reference to future advances, neither the amount nor the purpose of which was specified in the instrument. Moreover, there was not involved in that case the question of future advances which the mortgagee was under obligation to maké.
In the instant case, the situation is. radically different. The record of the earlier mortgage was notice to the world that the mortgagee therein had obligated itself to loan the mortgagor a certain sum upon the faith of the title as it then was. Upon what principle, then, of equity or public policy, can it be said that such mortgagee must again search the records before making each advance to the mortgagor? The search would be a vain thing, since the advance or further loan would remain obligatory, whatever the state of the title disclosed.
On the other hand, the grantee in the later mortgage has notice by the record that the proposed security for the later mortgage loan is already encumbered, not merely by way of contingency or expectancy; but for a definite purpose under a fixed obligation. Under such circumstances, the junior *38 mortgagee will not be heard to urge what may be termed a speculative priority to such advances under the senior mortgage as turn out to have been made subsequent to the recording of the junior mortgage. Indeed it may be said with accuracy that where the senior mortgagee has bound himself to make advances for a clearly defined object, he immediately becomes a bona fide purchaser to the full amount of his contractual liability, exactly as if the entire consideration had passed on the execution and delivery of the mortgage. 1 Jones on Mortgages (7 ed.), Section 370.
In the present case the record does not disclose an obligation in terms on the part of the mortgagee to advance to the mortgagor the amount specified in the instrument. However, the purpose of the loan as stated in the mortgage itself was “to improve the premises described [and] to pay off prior incumbrances thereon,” and it is expressly agreed between the parties that “the funds secured by this mortgage may be paid out by the mortgagee as provided in Section 8321-1 of the General Code of Ohio,” that is to say, to mechanics and material-men. Under these stipulations, and in the absence of otjier evidence, an inference of fact arises that the mortgagee obligated itself for the purposes and in the amount stipulated.
The present case, therefore, falls within the application of the principles above stated.
The authorities in this country on this subject, otherwise in considerable conflict, support the reasoning here given with almost entire unanimity. Included are those jurisdictions where tHe case of *39 Spader v. Lawler, supra, has been followed. Ladue v. The Detroit & Milwaukee Rd. Co., 13 Mich., 380; Boswell v. Goodwin et al., 31 Conn., 74, and Moroney’s Appeal, 24 Pa. St., 372.
For the reasons assigned the judgment is affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson and Wanamaker, JJ., concur.